IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD R. HARRIS, | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 4:CV-08-0521 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| Warden JERRY C. MARTINEZ, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**April 14,  2008**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Richard R. Harris ("Petitioner" or "Harris"), an inmate currently

confined at the Allenwood Federal Correctional Institution - Low ("LSCI-

Allenwood") in White Deer, Pennsylvania, commenced this action by filing a Petition

for Writ of Habeas Corpus ("the Petition") pursuant to the provisions of 28 U.S.C. §

2241 (doc. 1).  He also filed an Application to Proceed In Forma Pauperis (doc. 3).

The Petition currently is before the Court for screening.  For the reasons set

forth below, the Petition will be summarily dismissed without requiring a response

from Respondent.

Harris provides the following background in his Petition and accompanying

Memorandum of Law (doc. 2): On September 14, 2005, Harris was sentenced in the

United States District Court for the District of Maryland to 262 months imprisonment. (Rec. Doc. 1 at 1.)  The sentence was imposed following Harris's entry of a guilty plea on charges of conspiracy to possess with intent to distribute a controlled substance. Id.

During the pendency of the aforementioned federal proceedings, Harris was also indicted in 2004 on multiple drug charges in Cecil County, Maryland, in a case captioned as State v. Richard Harris, Case No. 04-093.  (Rec. Doc. 2 at 1, 6.)  Harris's counsel filed a motion to suppress wiretap evidence obtained by the state.  Id. at 2.  On June 4, 2004, the motion was granted on the basis that the State's Attorney failed to timely disclose transcripts of wiretapped conversations obtained by state authorities to Harris's counsel as required by Md. R. 4-263(e)(4)e.  Id. at 2, 13-14.  The state charges were dropped.  Id. at 2.  Thereafter, on August 10, 2004, Harris was indicted on federal drug charges.  Id. at 2.

The Court engaged in computer research using the PACER Service Center, the Federal Judiciary's centralized registration, billing, and technical support center for electronic access to U.S. District, Bankruptcy, and Appellate court records.  In doing so, the Court located the docket from Harris's criminal case and confirmed that, on

September 16, 2004, Harris entered a plea of not guilty on all counts.[1]  See USA v.

Harris, et al., Criminal Case No. 1:04-CR-0387-RDB-1 (D. Md.).  Subsequently,

Harris filed a motion to suppress evidence, supplemental motion to suppress electronic

surveillance, and second supplemental motion to suppress electronic surveillance.  Id.,

docs. 53, 69, 70.  Following a hearing, the Court denied the motions to suppress.  Id.,

Mar. 3, 2005 entry.  Just one day later, on March 4, 2005, Harris entered into a plea

agreement by which he pled guilty to one count and not guilty to the remaining

counts.  Id., Mar. 4, 2005 entry, doc. 75.

Harris's criminal case docket also reveals that, on September 15, 2006, Harris

filed a motion to vacate pursuant to 28 U.S.C. § 2255.  Id., doc. 96.  On January 11,

2008, that motion was denied.  Id., doc. 106.  On January 24, 2008, Harris filed a

motion for reconsideration, which was denied by Order dated April 2, 2008.  Id., docs.

108, 114.  On February 21, 2008, Harris filed a notice of appeal, which currently is

pending in the Fourth Circuit Court of Appeals.  Id., doc. 109.

In his instant Petition, Harris contends that his § 2255 Motion raised "unrelated

---

[1] The Court will take judicial notice of the docket entries in USA v. Harris, et al., No. 1:04-CR-0387 (D. Md.).  See Fed. R. Evid. 201(c).  See also Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (citations omitted); cf. Freshman v. Atkins, 269 U.S. 121, 124 (1925) (while a court is not bound to seek the records of other courts and give effect to their judgments, this is not to say that a court may not take judicial notice "of, and give effect to, its own records in another [ ] . . . interrelated, proceeding . . . .").

issues."[2]   (Rec. Doc. 1 at 2).  He alleges that his conviction and sentence is "unlawful

and void" because his rights to due process of law and equal protection under the Fifth

and Fourteenth Amendments and right to a speedy trial under the Sixth Amendment

were violated.  Id. at 1.  In his accompanying Memorandum of Law, Harris argues that

his conviction is invalid because the federal government should have been collaterally

estopped from using the wiretap evidence that was suppressed in state court to obtain

his conviction in federal court.  (Rec. Doc. 2 at 2-4).

**DISCUSSION:**

Rule 4 of the Rules Governing Section 2254 Cases provides, in pertinent part,

that "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner."  For the reasons that follow, the

instant Petition will be dismissed pursuant to Rule 4 for lack of jurisdiction because §

2255 is not inadequate or ineffective to test the validity of Petitioner's conviction and

sentence.

A federal criminal defendant claiming that his conviction and/or sentence was

---

[2] Because the Court does not have a copy of Harris's § 2255 motion, it is not possible to
ascertain what issues were raised.  Although the docket at No. 1:04-CR-0387 contains a full listing
of all docket entries, it does not contain links to the actual documents filed.  The docket in Harris's
corresponding civil case, No. 1:06-CV-2399, shows that a Memorandum Opinion and Order were
filed denying Harris's § 2255 motion, but does not contain links to those documents.

imposed in violation of the Constitution or laws of the United States may move the

court which imposed his sentence to vacate, set aside, or correct the sentence pursuant

to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); In

re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  A defendant can challenge a

conviction or sentence under § 2241 only if a § 2255 motion is "inadequate or

ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e).  See also

Okereke, 307 F.3d at 120; In re Dorsainvil, 119 F.3d at 251.  Habeas corpus under §

2241 is "reserved for rare cases," and, therefore, this "safety-valve" provision of §

2255 must be strictly construed.  In re Dorsainvil, 119 F.3d at 250, 251.

　　　A § 2255 motion is inadequate or ineffective only where the petitioner shows

that some limitation of scope or procedure would prevent a § 2255 proceeding from

affording him a full hearing and adjudication of his wrongful detention claim.  Cradle

v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or

ineffective merely because the sentencing court does not grant relief, the one-year

statute of limitations has expired, or the petitioner is unable to meet the stringent

gatekeeping requirements of the amended § 2255."  Id. at 539 (citations omitted).  "It

is the inefficacy of the remedy, not the personal inability to use it, that is

determinative."  Id. at 538.

　　　In the instant case, Harris does not allege that the § 2255 motion that he already

5

filed was "inadequate or ineffective" to raise the collateral estoppel claim that he now sets forth in his § 2241 Petition.  Moreover, he does not allege that there has been an intervening change in law that would render his conviction invalid and thereby make a § 2255 motion an "inadequate or ineffective" remedy.  See In re Dorsainvil, 119 F.3d at 248-51.  Accordingly, this Court does not have jurisdiction over Petitioner's current habeas claims, and his § 2241 Petition will be dismissed.

      An appropriate Order shall issue on today's date.